IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| PATRICK KOREY McDAVID,<br><br>Plaintiff,<br><br>vs.<br><br>CARVER MARITIME, LLC,<br><br>Defendant. | **Case No.: 2:22-cv-03262-RMG**<br><br>**USERRA COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |

NOW COMES Plaintiff, by and through his undersigned counsel, and alleges as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff is a resident of Charleston County, South Carolina.

2. Defendant is a New York for-profit corporation doing business in the County of Charleston, State of South Carolina.

3. Defendant pays wages for work performed and has control over employment opportunities and therefore is an employer pursuant to 38 U.S.C. § 4303.

4. Plaintiff was employed by Defendant and worked at Defendant's facility in North Charleston, South Carolina from April 4, 2022 until June 15, 2022.

5. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims asserted in this action occurred in this judicial district and division.

6. This Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. §1331 as Plaintiff asserts statutory claims under federal law.

## FACTS

7. Plaintiff has been a member of the uniformed services for twelve (12) years.

8. Plaintiff is currently serving as an Apache Pilot and Company Commander with the South Carolina National Guard.

9. Plaintiff previously served in the Texas National Guard.

10. Plaintiff was a member of the uniformed services at all times while he was employed by Defendant as a General Manager.

11. At all times relevant herein, Defendant was aware Plaintiff was a member of the South Carolina National Guard.

12. Plaintiff had military obligations while employed, including training on weekends, flying during the week to maintain hours for currency requirements as a pilot, and annual summer training.

13. Plaintiff performed service in the uniformed services, as defined by 38 U.S.C. § 4303(13) while employed by Defendant, including inactive duty training, and performance of duties on a voluntary and involuntary basis under competent authority.

14. After starting work, Defendant almost immediately began questioning Plaintiff's military duties.

15. Plaintiff had to repeatedly explain his military obligations, and his first mandatory drill was a few weeks after he began work, on April 23rd and April 24th.

16. Shortly after starting work, Plaintiff was told by his supervisor that he had to make himself more available to oversee work that occurred on the weekends, a job duty Plaintiff's predecessor had often performed from out of state and which Plaintiff could do from home or his laptop.

17. At the time this statement was made to Plaintiff by his supervisor, Defendant knew Plaintiff had already attended mandatory weekend training with the South Carolina National Guard and would continue to have to attend weekend training.

18. Plaintiff felt he was being forced to choose between violating orders from the military or violating orders from his civilian employer, Defendant.

19. Defendant's actions and statements created an ultimatum for Plaintiff; Plaintiff was forced to choose between his job and his military service.

20. Plaintiff, who had left a secure job to accept a position with Defendant, had to support his family so he told his supervisor he would try to resign from the National Guard in order to leave military service and retain his job.

21. Although in order to transfer to a new air-frame and improve his military career, Plaintiff was required to attend an additional five (5) weeks of mandatory training, Plaintiff was released from these training orders when he told the National Guard he had to resign military service in November.

22. Shortly after the conversation between Plaintiff and his supervisor during which Plaintiff reported that he intended to leave the National Guard, on June 13, 2022 Plaintiff received military orders to report to mandatory annual training.

23. Plaintiff notified Defendant of his orders, requesting military leave from August 16, 2022 to September 2, 2022.

24. Upon information and belief, Defendant became frustrated with the frequency of Plaintiff's military service.

25. On June 15, 2022, Defendant terminated Plaintiff two (2) days after Plaintiff notified Defendant of his military orders for mandatory annual training.

26. At the termination meeting, Plaintiff was told by Defendant that he was not a good fit because he had not made himself more available to work on weekends.

## 38 U.S.C. § 4311 (a), DISCRIMINATION UNDER THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT (USERRA)

27. Plaintiff incorporates the allegations set forth above as if fully restated herein.

28. Plaintiff has been denied retention in employment and benefits of employment on the basis of his membership in the uniformed services, his performance of this service and his obligations for service.

29. Defendant terminated Plaintiff as a result of his membership in the uniformed services, his performance of this service and his obligations for service.

30. Plaintiff's membership in the uniformed services, his performance of this service and his obligations for service were motivating factors in Defendant's decision to terminate Plaintiff.

31. But for Plaintiff's membership in the uniformed services, his performance of this service and his obligations for service, he would not have been terminated.

32. Defendant's actions were willful.

33. Plaintiff was discriminated against based on his membership in the uniformed services, his performance of this service and his obligations for service and is entitled to actual and compensatory damages, back pay, liquidated damages, costs and attorney fees for Defendant's discrimination of him in violation of USERRA.

WHEREFORE, Plaintiff demands judgment against Defendant for lost back pay, liquidated damages pursuant to 38 U.S.C. § 4323(d)(1)(C), compensatory damages, fees and

expenses, including attorneys' fees pursuant to 38 U.S.C. § 4323(h), post judgment interest as provided by law, and costs and such other legal and equitable relief as this Court deems just and proper.

s/Nancy Bloodgood
Nancy Bloodgood, Federal Bar No. 5208
**BLOODGOOD & SANDERS, LLC**
242 Mathis Ferry Road, Suite 201
Mt. Pleasant, South Carolina 29464
Telephone: (843) 972-0313
E-mail: nbloodgood@bloodgoodsanders.com

*Attorneys for Plaintiff*

Charleston, South Carolina

Date: September 26, 2022