**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| PATRICK KOREY McDAVID,<br><br>Plaintiff,<br><br>vs.<br><br>CARVER MARITIME, LLC,<br><br>Defendant. | Civil Action No.: 2:22-cv-03262-RMG |

DEFENDANT CARVER MARITIME, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Carver Companies Payroll, LLC, improperly identified in the Complaint as "Carver Maritime, LLC" ("Carver" or "Defendant"), submits its Answer to Plaintiff Patrick Korey McDavid's ("Plaintiff") Complaint and states as follows:

Unless otherwise specifically admitted herein, Carver generally denies all of Plaintiff's allegations contained in the Complaint. Each numbered paragraph below corresponds to the same numbered paragraph of the Complaint.

**PARTIES AND JURISDICTION**

1. Carver is without sufficient knowledge or information to admit or deny the allegations of Paragraph 1, and therefore denies same.

2. In response to the allegations of Paragraph 2, Carver admits only that it is a limited liability corporation organized and existing pursuant to the laws of the State of New York, and that it conducts business in the State of South Carolina. Carver denies the remaining allegations of Paragraph 2.



Error! Unknown document property name.

3. The allegations of Paragraph 3 constitute a legal conclusion to which no response is required. To the extent a response is deemed required, Carver admits only that it was Plaintiff's employer at all times related hereto, and denies any alleged wrongdoing or unlawful conduct, or any alleged liability to Plaintiff. Carver denies remaining allegations of Paragraph 3.

4. In response to the allegations of Paragraph 4, Carver admits only that it employed Plaintiff from April 4, 2022 to June 15, 2022. Carver denies the remaining allegations of Paragraph 4.

5. In response to the allegations of Paragraph 5, Carver admits only that venue is proper in this Division. Carver denies the remaining allegations of Paragraph 5.

6. In response to the allegations of Paragraph 6, Carver admits only that this Courthas subject matter jurisdiction. Carver denies the remaining allegations of Paragraph 6.

**FACTS**

7. Carver is without sufficient knowledge or information to admit or deny the allegations of Paragraph 7, and therefore denies same.

8. Carver is without sufficient knowledge or information to admit or deny the allegations of Paragraph 8, and therefore denies same.

9. Carver is without sufficient knowledge or information to admit or deny the allegations of Paragraph 9, and therefore denies same.

10. In response to the allegations of Paragraph 10, Carver was aware of Plaintiff's status with the South Carolina National Guard at the time of hiring. Carver denies the remaining allegations of Paragraph 10.

11. In response to the allegations of Paragraph 11, Carver was aware of Plaintiff's status with the South Carolina National Guard at the time of hiring. Carver denies the remaining allegations of Paragraph 11.

12. In response to the allegations of Paragraph 12, Carver was aware of Plaintiff's status with the South Carolia National Guard at the time of hiring. Carver denies the remaining allegations of Paragraph 12.

13. The allegations of Paragraph 13 constitute a legal conclusion to which no response is required. To the extent a response is deemed required, Carver denies any alleged wrongdoing or unlawful conduct, or any alleged liability to Plaintiff.

14. Carver denies the allegations of Paragraph 14.

15. Carver denies the allegations of Paragraph 15.

16. In response to the allegations of Paragraph 16, Carver admits only that it advised Plaintiff, on multiple occasions, that he was spending too much time on personal matters, having nothing to do with any military obligations, and that he needed to be present onsite to manage employees. Carver denies the remaining allegations of Paragraph 16.

17. Carver denies the allegations of Paragraph 17.

18. Carver denies the allegations of Paragraph 18.

19. Carver denies the allegations of Paragraph 19.

20. Carver denies the allegations of Paragraph 20.

21. Carver is without sufficient knowledge or information to admit or deny the allegations of Paragraph 21, and therefore denies same.

22. Carver denies the allegations of Paragraph 22.

23. In response to the allegations of Paragraph 23, Carver admits only that it was aware of Plaintiff's military obligations and that it fully and completely supported such obligations. Carver denies the remaining allegations of Paragraph 23.

24. Carver denies the allegations of Paragraph 24.

25. In response to the allegations of Paragraph 25, Carver admits only that it terminated Plaintiff for legitimate and non-discriminatory reasons. Carver denies the remaining allegations of Paragraph 25.

26. In response to the allegations of Paragraph 26, Carver admits only that it terminated Plaintiff for legitimate and non-discriminatory reasons. Carver denies the remaining allegations of Paragraph 26.

**38 U.S.C. §4311(A) DISCRIMINATION UNDER THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT (USERRA)**

27. In response to the allegations of Paragraph 27, Carver repeats and realleges each and every Response to Paragraphs 1 through 26 as if fully set forth herein.

28. Carver denies the allegations of Paragraph 28.

29. Carver denies the allegations of Paragraph 29.

30. Carver denies the allegations of Paragraph 30.

31. Carver denies the allegations of Paragraph 31.

32. Carver denies the allegations of Paragraph 32.

33. Carver denies the allegations of Paragraph 33.

34. In response to Plaintiff's WHEREFORE CLAUSE, Carver denies that Plaintiff is entitled to any relief.

## FOR A FIRST DEFENSE

35. Carver restates and reasserts each and every response provided above as if set forth herein verbatim.

36. Plaintiff's Complaint fails to state any claim upon which relief may be granted against Carver, and therefore Plaintiff's Complaint should be dismissed in its entirety.

## FOR A SECOND DEFENSE

37. Carver restates and reasserts each and every response provided above as if set forth herein verbatim.

38. Plaintiff has failed to reasonably mitigate his claimed damages, his entitlement to which is expressly denied.

## FOR A THIRD DEFENSE

39. Carver restates and reasserts each and every response provided above as if set forth herein verbatim.

40. Any award of damages should be barred or limited to the extent that the relief demanded by Plaintiff is improper, barred in whole or in part by the doctrine of after-acquired

evidence, is inappropriate, exceeds the scope of permissible damages and remedies, and/or otherwise is not available under the law upon which his claim rests.

## FOR A FOURTH DEFENSE

41. Carver restates and reasserts each and every response provided above as if set forth herein verbatim.

42. Any award of damages to Plaintiff must be offset by sums received by Plaintiff from Carver by amounts Plaintiff may receive from third parties, or by amounts owed by Plaintiff to Carver.

## FOR A FIFTH DEFENSE

43. Carver restates and reasserts each and every response provided above as if set forth herein verbatim.

44. Plaintiff has failed to specifically plead his entitlement to exemplary or liquidated damages in the Complaint, and thus, should be barred from seeking such damages in this case. Carver would further show there is no basis to support an award of such damages in this case. Accordingly, Plaintiff's prayer for exemplary and liquidated damages should be stricken.

## FOR A SIXTH DEFENSE

45. Carver restates and reasserts each and every response provided above as if set forth herein verbatim.

46. Carver is entitled to a credit and/or set-off for any compensation paid to Plaintiff to which he was not otherwise entitled.

FOR A SEVENTH DEFENSE

47. Carver restates and reasserts each and every response provided above as if set forth herein verbatim.

48. Plaintiff's claims may be barred in whole or in part by the doctrines of waiver, release, accord, and satisfaction.

FOR AN EIGHTH DEFENSE

49. Carver restates and reasserts each and every response provided above as if set forth herein verbatim.

50. Plaintiff's claims may be barred in whole or in part by the doctrine of estoppel by reason of his conduct and actions, including acts of commission and omission.

FOR A NINTH DEFENSE

51. Carver restates and reasserts each and every response provided above as if set forth herein verbatim.

52. Plaintiff's claims may be barred because he does not meet USERRA's eligibility requirements.

FOR A TENTH DEFENSE

53. Carver restates and reasserts each and every response provided above as if set forth herein verbatim.

54. Plaintiff's claim lacks merit because any employment actions allegedly taken by Carver with respect to Plaintiff were made in good faith and based upon legitimate,

nondiscriminatory business reasons completely unrelated to any impermissible factor, and were made without malice and not in violation of any statute.

FOR AN ELEVENTH DEFENSE

55. Carver restates and reasserts each and every response provided above as if set forth herein verbatim.

56. Plaintiff's claim lacks merit because any employment actions allegedly taken with respect to Plaintiff were taken consistent with Carver's policies and procedures and/or business necessity.

FOR A TWELFTH DEFENSE

57. Carver restates and reasserts each and every response provided above as if set forth herein verbatim.

58. To the extent Carver is found to have violated any statute as alleged, the fact of which is expressly denied, Plaintiff is not entitled to recover liquidated damages or attorneys' fees because Defendant did not commit any alleged willful, oppressive, fraudulent or malicious acts, or act with reckless indifference to Plaintiff's rights.

FOR A THIRTEENTH DEFENSE

59. Carver restates and reasserts each and every response provided above as if set forth herein verbatim.

60. Notwithstanding Carver's general denials and previous affirmative defenses herein, and without admitting Plaintiff's averments, to the extent that Plaintiff establishes that any prohibited criterion was a motivating factor for any employment decision challenged herein,

Carver affirmatively states that the same employment action would have been taken in the absence of such impermissible motivating factor.

FOR A FOURTEENTH DEFENSE

61. Carver restates and reasserts each and every response provided above as if set forth herein verbatim.

62. Plaintiff's claim may be barred by his breaches of the duty of loyalty or fiduciary duty.

FOR A FIFTEENTH DEFENSE

63. Carver restates and reasserts each and every response provided above as if set forth herein verbatim.

64. Plaintiff failed or was unable to meet established employer work standards, and as such, Plaintiff's Complaint must be dismissed.

FOR A SIXTEENTH DEFENSE

65. Carver restates and reasserts each and every response provided above as if set forth herein verbatim.

66. Plaintiff’s claim may be barred by virtue of the doctrine of unclean hands.

FOR A SEVENTEENTH DEFENSE

67. Carver restates and reasserts each and every response provided above as if set forth herein verbatim.

68. Some or all of Plaintiff's claims are barred by the doctrine of at-will employment, given that Plaintiff was an at-will employee and the terms of his employment were subject to change at any time.

## FOR AN EIGHTEENTH DEFENSE

69. Carver restates and reasserts each and every response provided above as if set forth herein verbatim.

70. To the extent certain supervisors, managers, employees and/or agents of Carver may have engaged in inappropriate conduct or unlawful action, the fact of which is expressly denied, such conduct is outside the course and scope of their employment, authority and/or agency, was in direct contravention of policies, and occurred without Carver's consent or ratification. Accordingly, Carver cannot be vicariously liable for such actions or conduct.

## FOR A NINETEENTH DEFENSE

71. Carver restates and reasserts each and every response provided above as if set forth herein verbatim.

72. To the extent Carver discovers any additional facts which would have warranted any adverse action against Plaintiff, Plaintiff's claims and/or recovery may be barred in whole or in part because of after-acquired evidence of wrongful conduct.

## FOR A TWENTIETH DEFENSE

73. Carver restates and reasserts each and every response provided above as if set forth herein verbatim.



**Error! Unknown document property name.**

74. Plaintiff's purported claim or relief sought in the Complaint is barred because Carver maintained, disseminated and enforced clear policies against discrimination and retaliation establishing reasonable and effective means of reporting and seeking relief from conduct believed to be discriminatory or retaliatory and because Carver acted in accordance with this policy at all times.

## FOR A TWENTY-FIRST DEFENSE

75. Carver restates and reasserts each and every response provided above as if set forth herein verbatim.

76. Carver has not had an opportunity to conduct a full and sufficient investigation or to engage in adequate discovery touching on the circumstances of Plaintiff's allegations. Carver intends to act expediently to inform itself as to the pertinent facts and prevailing circumstances surrounding any claimed damages and hereby gives notice of its intent to assert any affirmative defenses or allegations of fact that this information-gathering process may indicate are supported by law.

WHEREFORE, having responded to the specific allegations contained in the Complaint and having stated its affirmative and additional defenses, Carver respectfully prays as follows:

(a) that the Court render judgment for Carver and against Plaintiff;

(b) that the Court dismiss Plaintiff's Complaint in its entirety with prejudice; and

(c) that the Court award Carver such other and further relief as it deems just and appropriate.

[SIGNATURE PAGE FOLLOWING]

RESPECTFULLY SUBMITTED,

**COOPER & BILBREY, P.C.**

By: s/ Albert G. Bilbrey, Jr.
ALBERT G. BILBREY, JR., ESQUIRE
Federal Court ID 12938
South Carolina Bar 103799
PO BOX 22513
Charleston, SC 29413
(843) 883-9099
agbilbrey@jhcooper.com
JOHN TOWNSEND COOPER, ESQUIRE
Federal Court ID 10172
South Carolina Bar 76087
jtc@jhcooper.com
JOHN HUGHES COOPER, ESQUIRE
Federal Court ID 298
South Carolina Bar 1387
State Bar of Georgia 185986
shiplaw@jhcooper.com

*Attorneys for Defendant Carver Companies Payroll, LLC*

Charleston, South Carolina
October 31, 2022